IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAMAL K. PATEL,

        Plaintiff,

        vs.                                       Case No. 10-2403-JTM

T.K. REDDY, ET. AL.,

        Defendants.

MEMORANDUM AND ORDER

Presently before the court is defendants' Motion for Additional Time to Answer and to File an Answer Out of Time (Dkt. No. 19) and plaintiff's Motion for Default Judgment (Dkt. No. 21). Because the defendants have shown good cause, the court grants the defendants' motion and denies the plaintiff's motion.

Fed. R. Civ. P. 6 sets the standard for granting leave to file an answer out of time. Under Fed. R. Civ. P. 6(b)(1)(B), "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of *excusable neglect*." (emphasis added). "[I]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The court considers several factors in determining what actions constitute excusable neglect. These factors are: "(1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the

reasonable control of the moving party and (4) the existence of good faith on the part of the moving party." *Scott v. Power Plant Maint., Specialists, Inc.*, No. 09-CV-2591, 2010 WL 1881058, at *2 (D. Kan. May 10, 2010) (citing *Hamilton v. Water Whole Intern. Corp.*, 302 Fed. App'x 789, 798 (10th Cir. 2008)).

Currently, the delay in filing the answer is just over one month. This is not a significant delay and will not impact the judicial proceedings. The court also finds there is no danger of prejudice to the plaintiff. Additionally, there is no evidence of bad faith on the part of the defendants. Therefore, the reason for the delay in filing the answer is "important, if not the most important, factor in this analysis." *Scott*, 2010 WL 1881058, at *2 (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

The Tenth Circuit holds that, "inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)." *Scott*, 2010 WL 1881058, at *3 (citing *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005)). However, inadvertent delays in filing may qualify as excusable neglect in certain situations. *See Griffin v. Suthers*, 156 Fed. App'x 66, 72 (10th Cir. 2006) (citing *Pioneer*, 507 U.S. at 391-92).

This district has provided several recent examples of what constitutes excusable neglect. *See Espy v. Mformation Techs.*, No. 08-2211-EFM, 2009 WL 2912506, at *11 (D. Kan. Sept. 9, 2009) (providing a list of cases). Excusable neglect did exist in *Mohankumar v. Dunn*, when the lawyer's support staff made a clerical error in recording the due date. No. CIV. A. 97-1555-WEB, 1999 WL 1253053, at *1 (D. Kan. Dec. 22, 1999). Similarly, the court found excusable neglect when there was a miscommunication within the attorney's office about the due

2

date coupled with the attorney's unfamiliarity with the local rules. *White v. O'Dell Indus., Inc.*, No. 99-2315-JWL, 2000 WL 127267, at *2 (D. Kan. Jan. 14, 2000).

Courts have refused to find excusable neglect when the mistake was caused by a failure to read the rules or a lawyer's error in interpreting the rules. *See City of Shawnee, Kan. v. Argonaut Ins. Co.*, No. 06-2389-GLR, 2008 WL 2699906, at *4 (D. Kan. Jul. 2, 2008) (misinterpretation of rules); *Thomas v. Bd. of Educ.*, Unified Sch. Dist. #501, 177 F.R.D. 488, 490-91 (D. Kan. 1997) (failure to read rules). Similarly, excusable neglect does not exist merely because counsel disregarded the deadline because of a heavy caseload. *Ghamrawi v. Case & Assocs. Props. Inc.*, 116 Fed. App'x 206, 210 (10th Cir. 2004); *Almond v. Unified Sch. Dist. # 501*, No. 07-4064-JAR, 2008 WL 1773863, at *4 (D. Kan. Apr. 16, 2008). Further, missing a deadline because of a tactical decision does not constitute excusable neglect. *Lewis v. Herrman's Excavating, Inc.*, 200 F.R.D. 657, 660 (D. Kan. 2001).

Defendants did not maliciously fail to file on time, nor did they fail to file on time because of a misinterpretation of the rules. The summons came from the Department of Justice. Defendants' counsel is currently working on another case in which he was expecting an answer from the U.S. Attorney. Counsel mistakenly believed plaintiff's summons was the answer from the U.S. Attorney. Because of that mistake, the summons was misplaced in the wrong stack of documents and was neglected until October 1, 2010. Counsel's error in failing to file an answer on time is similar to the error in *Mohankumar*, in which defendant failed to file on time because of a clerical error. Counsel's error was clerical and not an intentional neglect of the deadline. Therefore, this court finds the defendants have shown good cause to file out of time.

Defendants request until October 20, 2010, to file an answer out of time. This court grants defendants until October 27, 2010, to file an answer.

Because the court grants the defendants' motion, it is unnecessary to analyze plaintiff's Motion for Default Judgment, and plaintiff's motion is denied.

IT IS ACCORDINGLY ORDERED this 19th day of October 2010, that defendants' Motion for Additional Time to Answer and to File an Answer Out of Time (Dkt. No. 19) is granted and plaintiff's Motion for Default Judgment (Dkt. No. 21) is denied. Defendants shall file an Answer on or before October 27, 2010.

                                            s/J. Thomas Marten
                                            J. THOMAS MARTEN, JUDGE