IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAMAL K. PATEL,

            Plaintiff,

        vs.                           Case No. 10-2403-JTM

T.K. REDDY, ET. AL.,

            Defendants.


MEMORANDUM AND ORDER

       The following motions filed by plaintiff are before the court: Plaintiff's Motion for Leave to Engage in Discovery from Defendants T.K. Reddy and Ishwar Patel (Dkt. No. 56); Plaintiff's Motion to Join K & A Motel, Inc. as a Plaintiff and for Leave to File Amended Complaint (Dkt. No. 61); Plaintiff's Motion to Stay Deadline for Plaintiff's Response to Defendants Motions to Dismiss (Dkt. No. 63); and Plaintiff's Motion to Dismiss Defendants T.K. Reddy and Ishwar Patel Without Prejudice Pursuant to Fed. R. Civ. Pro. 41(a)(2) (Dkt. No. 66). For the following reasons, the court grants the plaintiff's motions for joinder and leave to amend, the dismissal motion, and the motion to stay. The court denies the discovery motion. The court also denies Defendants T.K. Reddy and Ishwar Patel's Motion for Judgment on the Pleadings (Dkt. No. 48) as moot and refrains from ruling on defendants David Snapp and Waite, Snapp, & Doll's Motion for Judgment on the Pleadings (Dkt. No. 49) until after plaintiff has filed an Amended Complaint.


**I. Factual Background**

Plaintiff, Kamal Patel, as assignee of K & A Motel, Inc., (K&A) filed this suit pro se against attorney David Snapp and the law firm of Waite, Snapp, & Doll (WSD) on July 19, 2010, alleging various claims resulting from an attorney-client relationship. Patel contends he has an assignment of all legally assignable rights and claims that pertain to K&A's claims against Snapp and WSD. Patel also brought claims against T.K. Reddy and Ishwar Patel, which he now seeks to dismiss. The underlying facts of this dispute are as follows.

K&A was founded in 1982 by K.L. and Hasu Patel. Their son, Kamal (plaintiff) was promised an interest in the motel when he turned 45. In 2008, K&A sold a motel which was accruing liability to the IRS, resulting in significant capital gains. Mr. Wilson and Grace Parmar (collectively Parmar), family friends of K.L. and Hasu, notified K&A about a potential tax exchange property. In an attempt to delay capital gains taxes by designating a tax exchange property, K.L. began negotiating with Mitesh Patel, an acting officer and 50% shareholder of Shiva Hotels, Inc., to purchase the Hampton Inn and Suites in Garden City, Kansas. K&A also granted a limited power of attorney to Parmar to make decisions regarding the purchase of the Hampton. The limited power of attorney provided:

> I, undersigned Mr. K.L. Patel, President of K&A Motel, Inc. give power of attorney to Mr. Wilson and Mrs. Grace Parmar to make decisions regarding real estate sale of Hampton Inn project in Garden City, Kansas.
>
> Mr. Wilson and Mrs. Grace Parmar are Dodge City residents.
>
> Thanks.
>
> /s/
> K.L. Patel—President
> K&A Motel, Inc.

Proposed Amended Complaint, Dkt. No. 62, Ex. 1, para. 4. The negotiations spanned about three weeks and involved several phone calls and meetings between K.L. and Mitesh. During the

2

negotiations, it was made clear to Mitesh that K&A would designate the Hampton as a tax-exchange property if purchased. Sometime in July 2008, K.L. and Mitesh reached an oral agreement for the sale of the Hampton. On July 18, Mitesh, as president of Shiva, and K.L. on behalf of K&A signed a written agreement. The agreement required Shiva to sell the Hampton to K&A for 6.2 million dollars. K&A immediately designated the Hampton as a tax-exchange property to the IRS. Thereafter, Ishwar Patel, T.K.Reddy, and Mitesh attempted to obtain a higher purchase price from K.L. When K.L. refused, Shiva refused to sell the Hampton at the contract price and K&A filed suit for specific performance in the Finney County, Kansas, District Court designated as case number 08-CV-141.

Mr. Snapp and WSD represented K&A in this suit. During the suit, K.L. had major open heart surgery and suffered a fatal stroke a few weeks later. Plaintiff contends Mitesh, Ishwar, Reddy, Snapp, WSD, and Shiva formed a conspiracy after K.L.'s death to enrich themselves at his and K&A's expense. On February 23, 2009, the Finney County suit was dismissed with prejudice. Plaintiff contends neither he nor K&A were consulted about the dismissal and that both were deprived of pursuing the defendants for losses due to the breach of contract. Further, he also contends defendants did not notify him of settlement offers made during the suit. Plaintiff contends defendants allowed Parmar to act for K&A during the suit even though they were not authorized to do so. According to plaintiff, Parmar directed the representation, refused settlement offers, and ultimately directed Snapp and WSD to dismiss the case with prejudice as to Mitesh and Shiva. This dismissal was premised on a contract for the construction and sale of a hotel by Mitesh to Dodge City Hospitality, Inc. (DHC), a corporation owned in part by Parmar; and, on a $300,000 payment from Mitesh to Parmar.

3

**II. Plaintiff's Motion for Voluntary Dismissal Under Fed. R. Civ. P. 41(a)(2)**

First, plaintiff seeks to voluntarily dismiss T.K. Reddy and Ishwar Patel without prejudice under Fed. R. Civ. P. 41(a)(2). Neither Reddy nor Ishwar Patel have responded. This Rule provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id.* "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quotation omitted). The court will grant a voluntary dismissal motion "[a]bsent legal prejudice to the defendant." *Id.* When determining what constitutes legal prejudice, the court must consider the novelty and circumstances of the case. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). The court should also consider the following factors: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir.1996)).

Here, T.K. Reddy and Ishwar Patel will not be prejudiced by the voluntary dismissal. Although both have filed an Answer and a Motion for Judgment on the Pleadings (Dkt. No. 48), it does not appear that they have expended great time or effort preparing for trial to date. The litigation is still in its early stages. Further, plaintiff has not excessively delayed filing this motion or displayed a lack of diligence in this case. The court can see no resulting prejudice to these two defendants by granting the motion. Therefore, the court grants the motion and T.K. Reddy and Ishwar Patel are dismissed from this case without prejudice.

4

Prior to filing his motion to dismiss, plaintiff (pro se at the time) filed a Motion for Leave to Engage in Discovery from Defendants T.K. Reddy and Ishwar Patel (Dkt. No. 56). Because the court has granted plaintiff's dismissal motion, the discovery motion is denied as moot. For the same reasons, T.K. Reddy and Ishwar Patel's Motion for Judgment on the Pleadings (Dkt. No. 48) is denied as moot.

### III. Motion to Join K&A and for Leave to File Amended Complaint

#### A. Joinder

Plaintiff's first objective in this motion is to join K&A as a plaintiff in this action. Plaintiff contends K&A, rather than himself as assignee, is the real party in interest in several of the claims made in the Original and Amended Complaints. Under Rule 17, "[a]n action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a)(1). The Rule also provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." FED. R. CIV. P. 17(a)(3).

Determining the identity of the real party in interest requires analysis of the governing substantive law. *Esposito v. United States*, 368 F.3d 1271, 1273 (10th Cir. 2004). Here, defendants argue and plaintiff concedes that his legal malpractice and tort claims are not assignable. *See Bank IV Wichita, Nat'l Ass'n v. Arn, Mullins, Unruh, Kuhn, & Wilson*, 250 Kan. 490, 499, 827 P.2d 758, 764 (1992) (legal malpractice); *Heinson v. Porter*, 244 Kan. 667, 675, 772 P.2d 778, 784-85 (1989) (tort claims). Thus, for a majority of the claims, plaintiff is not the real party in interest. If K&A

were joined, it would solve the problems regarding assignability of the legal malpractice and tort claims. The issue is whether this court should permit joinder under the circumstances of this case. The Tenth Circuit has stated that in determining whether joinder is proper the focus is on "[1] whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was 'honest'), and [2] on whether the defendant was prejudiced thereby." *Esposito*, 368 F.3d at 1276 (alterations added). The court further stated "a mistake that should have been patently obvious does not automatically foreclose a later substitution, so long as the plaintiff did not act in bad faith and the defendant has not been prejudiced thereby." *Id.* A plaintiff need not demonstrate that his mistake was also understandable. *Id.*

Here, plaintiff argues that when he filed suit pro se he honestly believed the assignment from K&A was valid and that he could pursue the claims on K&A's behalf. He contends the failure to add K&A as a party was in no way an attempt to gain a tactical advantage or to prejudice the defendants. Defendants argue the decision to omit K&A from the Original Complaint was intentional. Yet it appears defendants knew from the beginning that plaintiff was suing as assignee of K&A and that K&A was the real party in interest. This court finds that plaintiff's mistake in bringing suit individually only was based on an honest mistake that he, as assignee, could pursue all the claims K&A may have against the defendants. Nothing defendants have argued leads this court to believe the mistake was in fact deliberate tactical maneuvering.

Defendants make two separate arguments on the prejudice prong. First, they generally argue that joinder will prejudice them because they will lose a statute of limitations defense on certain claims. But defendants do not explain which claims they are talking about or the relevant dates and statutes. This dearth of argument and evidence makes it impossible for the court to determine

6

prejudice at this stage. Regardless, the court believes it is unlikely defendants could establish prejudice from this argument.

Second, defendants contend the *delay* in filing the joinder motion  is "unreasonable," and will cause them prejudice. Snapp and WSD filed their motion for judgment on the pleadings on March 11, 2011, arguing, in part, that plaintiff did not have standing to bring the claims individually. Plaintiff did not file the joinder motion until June 1, 2011—83 days later. Yet, as noted above, defendants cannot show that this delay has caused them any prejudice. Further, the court does not find that the delay was unreasonable. Plaintiff was pro se at the initiation of this action and did not obtain counsel until June 1, 2011. Plaintiff, through counsel, filed the joinder motion the same day. Given these circumstances, the 83-day delay was not unreasonable and defendants were not prejudiced by the delay. Therefore, the joinder motion is granted.

### B. Amending the Complaint

Plaintiff also moves for leave to amend his Complaint. Because the time has lapsed in which plaintiff could amend as a matter of course under Fed. R. Civ. P. 15(a)(1), he "may amend [his] pleading only with [defendants'] written consent or the court's leave." *See* FED. R. CIV. P. 15(a)(2) (alterations added). "The court should freely give leave when justice so requires." *Id.* "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993)). The decision whether to grant leave is within the sound discretion of this court. *See Panis v.  Mission*

*Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995).

Plaintiff's Original Complaint contained 6 separate claims against Snapp and WSD. The Amended Complaint contains 12 additional claims. Plaintiff believes the new claims are warranted because he learned during disclosure that Mitesh made a $300,000 payment to Parmar when the Finney County suit was dismissed and because Snapp and WSD never communicated settlement offers to him. Further, he contends most of the claims in the Amended Complaint were implicit in the Original Complaint, even if not specifically enumerated. Additionally, plaintiff seeks leave to amend in order to clarify whether the claims are being asserted by K&A or by Kamal Patel.

Defendants cursorily argue undue prejudice and bad faith because the new claims dramatically change the claims asserted in the Original Complaint. Yet defendants do not point to any specific reason why they would be prejudiced if the claims were added. Rather their only argument is that the sheer number of additional claims in the Amended Complaint will cause them prejudice. Practically, adding claims to the Original Complaint will prejudice defendants by requiring them to defend against 18 claims rather than 6. But this happens when any plaintiff seeks to amend in any case. Thus, merely adding additional claims, alone, is not sufficient to prove "undue prejudice." This court does not believe it can assume undue prejudice merely by looking at the number of new claims. *See Carefusion 213, L.L.C. v. Prof. Disposables, Inc.*, No. 09-2616, 2011 WL 4004874 at *4 (D. Kan. Oct. 12, 2010) ("While an amendment invariably causes some 'practical prejudice,' undue prejudice means that the amendment 'would work an injustice to the defendants.'") (quoting *United States v. Strudevant*, No. 07-223, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008)). It is true that plaintiff seeks to add several new claims against defendants; however, many of the claims are either additions to claims already made or flow from new information

8

obtained during the initial disclosures. *Contra Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (stating undue prejudice often "occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues"). The only entirely new claims appear to be Counts 15 and 16, the Kansas Consumer Protection Act and abuse of process claims. And even these claims arise from the facts in the Original Complaint. Accordingly, defendants have shown no grounds that would justify denying plaintiff's motion for leave to amend.

IT IS ACCORDINGLY ORDERED this 22nd day of February 2012, that Plaintiff's Motion to Join K & A Motel, Inc. as a Plaintiff and for Leave to File Amended Complaint (Dkt. No. 61) is granted. Plaintiff shall file the Amended Complaint by March 9, 2012. Thereafter, defendants may renew their motion for judgment on the pleadings which shall be filed no later than March 30, 2012.

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss Defendants T.K. Reddy and Ishwar Patel Without Prejudice Pursuant to Fed. R. Civ. Pro. 41(a)(2) (Dkt. No. 66) is granted.

IT IS FURTHER ORDERED that Defendants T.K. Reddy and Ishwar Patel's Motion for Judgment on the Pleadings (Dkt. No. 48) is denied as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Engage in Discovery from Defendants T.K. Reddy and Ishwar Patel (Dkt. No. 56) is denied as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay Deadline for Plaintiff's Response to Defendants Motions to Dismiss (Dkt. No. 63) is granted. Plaintiffs shall respond to

defendants' renewed motion for judgment on the pleadings within 14 days after it is filed.


                              s/ J. Thomas Marten
                              J. THOMAS MARTEN, JUDGE