UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAMAL K. PATEL,
and K & A MOTEL, INC.,

        Plaintiffs,

v.                                              Case No. 10-2403-JTM

DAVID SNAPP and
WAITE, SNAPP & DOLL,

        Defendants.

## **ORDER**

This matter comes before the court on the motion of pro se plaintiff Kamal Patel[1] to stay the case during his transfer to the Eastern District of North Carolina on a federal writ of habeas corpus **(doc. 322).** Defendants oppose the stay (doc. 332). Plaintiff did not file a reply. For the reasons discussed below, the motion is denied.

Plaintiff moves for a stay because he will be "unable to keep the court apprised of his proper address" and because "by the time he files an address change, he may be moved to a different location." Plaintiff's court hearing is scheduled for September 30, 2013 and he expects to be returned shortly after September 30, 2013 to the Big Spring, Texas prison. Defendants oppose the stay because they do not want the "discovery in process, which includes depositions of key witnesses as well as the time for responses to business record subpoenas issued by other parties to be adversely affected or halted dude to a stay of the case."

---

[1] Reference in this order to "plaintiff" is only to pro se plaintiff Kamal Patel.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[2] Thus, the court has discretion to grant the stay plaintiff requests.[3] In exercising its discretion, the court "must weigh competing interests and maintain an even balance."[4] The party requesting a stay "must make out a clear case of hardship or inequity, if there is even a fair possibility that the stay [will damage another party]."[5] "The underlying principle clearly is that 'the right to proceed in court should not be denied except under the most extreme circumstances.'"[6] Any stay granted must be kept within the "bounds of moderation."[7]

Plaintiff asks for a temporary stay of the case due to his transfer to another facility for a September 30, 2013 court hearing in an unrelated matter. During his transfer, plaintiff is concerned he will be unable to notify the court of his proper address.

---

[2] *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[3] *See Landis*, 299 U.S. at 254; *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963).

[4] *Landis*, 299 U.S. at 255.

[5] *Id.*

[6] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).

[7] *Landis*, 299 U.S. at 255.

However, plaintiff expects to be returned shortly after September 30, 2013 to the Big Spring, Texas prison.

Defendants do not want the discovery in process, which includes depositions of key witnesses as well as the time for responses to business record subpoenas issued by other parties to be adversely affected or halted due to a stay of the case. Defendants have already scheduled or are in the process of scheduling ten remaining depositions. Therefore, defendants ask that plaintiff's motion be limited only to plaintiff's deadlines for responses to dispositive motions or other discovery specifically directed to plaintiff himself.

Plaintiff filed this case on July 19, 2010 (doc. 1). Since that time, the scheduling order has been amended at least three times.[8] In the most recent amendment to the scheduling order, the discovery deadline was extended until October 22, 2013 (doc. 334). The proposed pretrial order is now due October 28, 2013 and the final pretrial conference is not until November 5, 2013. The presiding U.S. District Court Judge, J. Thomas Marten, has already extended the time for plaintiff to respond to defendants' motion for partial summary judgment until November 8, 2013 (doc. 328). There are no other deadlines that directly impact plaintiff within the next month with one exception.

Movants Wilson and Grace Parmer and Peace, Inc. recently filed a motion to quash or modify subpoenas issued by plaintiff (doc. 336). The deadline for plaintiff to respond is October 15, 2013.

---

[8] *See* Docs. 111, 269, and 334.

In the end, plaintiff has not demonstrated a "clear case of hardship or inequity" that outweighs defendants' interest in proceeding with this case. The District of Kansas generally disfavors motions to stay discovery.[9] Absent some compelling reason, the court will not stay discovery.[10] At this time, plaintiff has presented no compelling reason to stay the case. Additionally, plaintiff has been transferred to other facilities in the past and was able to file a change of address and participate in the case at the new facility.[11]

In consideration of the foregoing, plaintiff's motion to stay the proceedings is denied **(doc. 322)**. Because the pending motion to quash is specifically directed to plaintiff **(doc. 336)**, the deadline for plaintiff to respond is extended until **October 22, 2013**.

IT IS SO ORDERED.

Dated October 1, 2013 at Kansas City, Kansas.

> s/ James P. O'Hara
> James P. O'Hara
> U.S. Magistrate Judge

---

[9] *Steil v. Humana Health Care Plans, Inc.*, No. 99-2541, 2000 WL 730428, at *1 (D. Kan. May 1, 2000) (citation omitted).

[10] *Id.* (citation omitted).

[11] *See* Docs. 278 and 279.