UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAMAL K. PATEL,
and K & A MOTEL, INC.,

                 Plaintiffs,

v.                                                          Case No. 10-2403-JTM

DAVID SNAPP and
WAITE, SNAPP & DOLL,

                 Defendants.

## ORDER

This matter comes before the court on the motions of plaintiff[1] K&A Motel, Inc. to compel non-parties Wilson and Grace Parmar **(doc. 348)**, Shiva Hotel, Inc. ("Shiva") **(doc. 350),** and Rebein Bangerter Rebein P.A. ("RBR") **(doc. 352)** to produce documents in response to subpoenas plaintiff served upon them. For the reasons discussed below, all three motions are denied.

Plaintiff served Shiva with a subpoena on September 26, 2013, requesting documents related to Shiva's financial affairs and the performance of a hotel. Plaintiff asserts that Shiva has been responsive and in regular contact with counsel for plaintiff with respect to the subpoena at issue. Plaintiff states that Shiva has produced all items sought with one exception. However, plaintiff asserts that it "anticipates that Shiva may well produce the documents still outstanding prior to full resolution of this motion."

---

[1] Reference in this order to "plaintiff" is only to plaintiff K&A Motel, Inc.

However, given that the responses are still outstanding, plaintiff filed this motion to compel Shiva to produce the missing documents.

Plaintiff served a subpoena upon RBR on September 20, 2013, asking for production of documents related to their communications with defendants. Plaintiff asserts that RBR's counsel indicated on October 22, 2013 that they have responsive documents prepared for production but plan to request a protective order first. Plaintiff does not plan to oppose the protective order. Once again, plaintiff explains that it expects the responsive documents will be produced before this motion is resolved by the court. However, plaintiff still filed its motion to compel because responsive documents have not yet been produced.

Plaintiff served subpoenas upon Wilson and Grace Parmar on October 8, 2013, asking for production of phone records and phone bills. Wilson and Grace Parmar responded that they don't have the requested documents in their possession. Plaintiff requests that the court compel Wilson and Grace Parmar to conduct a full inquiry into whether the requested documents are in their "custody or control," and provide responsive phone records and bills.

Plaintiff attached a "Certificate of Compliance with Fed. R. Civ. P. 37 and Local Rule 37.2" to each of its motions to compel, which simply states "reasonable and good faith efforts have been made in an attempt to resolve the issues brought to the court's attention via this memorandum and the accompanying motion." D. Kan. Rule 37.2 provides, in pertinent part:

> The court *will not entertain* any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, … unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. …
>
> A "reasonable effort to confer" means more than mailing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.

This requirement encourages parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention.[2] "Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere."[3]

By plaintiff's description, most of the "disputes" do not appear to be disputes at all. Rather, plaintiff assures the court that it trusts the motions will resolve themselves prior to the court's resolution of them. Plaintiff's "Certificate of Compliance" included in each motion is insufficient. D. Kan. Rule 37.2 requires plaintiff to file a certificate that describes "with particularity the steps taken by all attorneys to resolve the issues in dispute." Accordingly, the court denies the instant motions on this basis. If these "disputes" are not resolved after the parties make a reasonable effort to confer, plaintiff

---

[2] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999); *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. 98-2138, 1999 WL 386949, at *1 (D. Kan. June 8, 1999) (citing *Nave v. Artex Mfg., Inc.*, No. 96-2002, 1997 WL 195913, at *1 (D. Kan. Apr. 16, 1997)).

[3] *Pulsecard, Inc. v. Discover Card Servcs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996).

may file amended motions which include a certificate that describes "with particularity the steps taken by all attorneys to resolve the issues in dispute."[4]

In consideration of the foregoing,

1. Plaintiff's motion to compel **(doc. 348)** Wilson and Grace Parmar to respond to requests for production is denied without prejudice to be reasserted if attempts to confer are unsuccessful.

2. Plaintiff's motion to compel **(doc. 350)** Shiva to respond to requests for production is denied without prejudice if attempts to confer are unsuccessful.

3. Plaintiff's motion to compel **(doc. 352)** RBR to respond to requests for production is denied without prejudice if attempts to confer are unsuccessful.

IT IS SO ORDERED.

Dated October 23, 2013 at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[4] *See* D. Kan. Rule 37.2.