UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAMAL K. PATEL,
and K & A MOTEL, INC.,

                Plaintiffs,

v.                                                  Case No. 10-2403-JTM

DAVID SNAPP and
WAITE, SNAPP & DOLL,

                Defendants.

## **ORDER**

This matter comes before the court on the motions of movants[1] Wilson and Grace Parmar, Peace, Inc. **(doc. 336)**, and The Peoples Bank **(doc. 337)** to quash subpoenas issued by pro se plaintiff Kamal Patel to: (1) Wilson Parmar; (2) Grace Parmar; (3) The Peoples Bank; (4) and Bank of America. For the reasons discussed below, the motions are granted in part and denied in part.[2]

**I.  Background**

Plaintiff brings this breach of contract action as the assignee of plaintiff K&A Motel, Inc. ("K&A").[3] Plaintiff alleges K&A retained defendants, David Snapp and

---

[1] Reference in this order to "movants" is to Wilson Parmar, Grace Parmar, and Peace, Inc.

[2] In light of the court finding that the subpoenas served upon Wilson Parmar, Grace Parmar, and The People's Bank are facially broad and the time to comply with the subpoenas is unreasonable, nothing will be gained by allowing plaintiff additional time to respond to movants' motion to quash. Therefore, plaintiff's motion for extension of time to file response to movants' motion to quash (doc. 362) is denied.

Waite, Snapp & Doll, to represent K&A to pursue litigation against Mitesh Patel and Shiva Hotel, Inc., seeking specific performance of a contract to purchase a Hampton Inn in Garden City, Kansas.[4] Plaintiff asserts that defendants breached their contract to provide legal services.[5]

Although K&A granted Wilson and Grace Parmar a limited power of attorney to make decisions regarding the Hampton Inn purchase,[6] plaintiff alleges defendants breached their contractual duty by taking direction from Wilson and Grace Parmar regarding plaintiff's legal representation.[7] For example, plaintiff alleges Wilson and Grace Parmar refused certain settlement offers and directed defendant David Snapp to dismiss the suit with prejudice.[8] As a result of the dismissal, plaintiff claims K&A was deprived of the opportunity to obtain specific performance of the contract or damages.[9] Consequently, plaintiff asks for $13,580,000 in damages, plus interest, punitive damages, attorney's fees, and costs of this action.[10]

---

[3] Doc. 88 at 22.

[4] *Id.*

[5] *Id.* at 23.

[6] *Id.* at 3.

[7] *Id.* at 6.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 25.

Neither plaintiff nor K&A ever filed direct claims against Wilson and Grace Parmar and none of the movants, including The People's Bank, are parties to this action. Former defendant and third-party plaintiff Michael Doll asserted claims for contribution and indemnity against Wilson and Grace Parmar.[11] However, Wilson and Grace Parmar were dismissed from the suit with prejudice after Mr. Doll was dismissed from this action.[12]

## II. Discussion

Fed. R. Civ. P. 45(c)(3)(A) outlines circumstances under which a court *must* quash or modify a subpoena, including when the subpoena does not allow a reasonable time for compliance, requires excessive travel, seeks disclosure of privileged or protected material, or subjects a person to undue burden. The court *may* quash or modify a subpoena if it requires the disclosure of a trade secret or other confidential research, development, or commercial information.[13] Non-parties responding to a Rule 45 subpoena are generally offered heightened protection from discovery abuse.[14]

Whether a subpoena imposes an undue burden upon a witness is a case-specific inquiry that "turns on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with

---

[11] Doc. 95.

[12] Doc. 295.

[13] Fed. R. Civ. P. 45(c)(3)(B)(i).

[14] *Speed Trac Technologies, Inc. v. Estes Exp. Lines, Inc.*, No. 08-212, 2008 WL 2309011, at *2 (D. Kan. June 3, 2008) (citations omitted).

which the documents are described and the burden imposed."[15] "Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."[16]

The movants seek to quash the subpoenas issued by plaintiff because they request "wide-sweeping and unlimited personal/private information related to the Parmars and Parmars' business interests in companies wholly unrelated to this case." The movants further assert that plaintiff is using the subpoena power to harass and annoy them.

### A. Standing

As a general rule, a motion to quash or modify a subpoena may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.[17] Two of the subpoenas were issued to The Peoples Bank and Bank of America; therefore, the parties entitled to challenge those subpoenas under Fed. R. Civ. P. 45(c)(3)(A) are The Peoples Bank and Bank of America, unless a showing is made that Wilson Parmar, Grace Parmar, or Peace, Inc. has a personal right to be protected or that the documents are subject to privilege. To satisfy the standing requirement on this basis, a conclusory assertion that the documents "are private, confidential, and proprietary" is

---

[15] *Id.* (citations omitted).

[16] *Id.* (citing *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662-63 (D. Kan. 2003).

[17] *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995).

insufficient; instead the challenging party must specifically identify the personal right or privilege on which he relies."[18]

Court decisions do not define what constitutes a "personal right" for this purpose, but have applied the exception to specific factual circumstances.[19] For example, courts have held that individuals whose banking records are subpoenaed "have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution."[20]

The subpoena issued to The People's Bank seeks the financial records of Grace Parmar, Wilson Parmar, and Peace, Inc. These non-parties clearly have a privacy interest in their financial information. Consequently, the court finds that the movants have standing to quash The People's Bank subpoena. Obviously, The People's Bank has standing to challenge the subpoena issued to it.

The subpoena issued to Bank of America requests the financial records of David, Inc. Bank of America and David, Inc. have not moved to quash this subpoena. Wilson Parmar asserts that he is a shareholder in David, Inc. Absent a claim of privilege or a personal right in the subpoenaed matter, however, movants do not have standing to

---

[18] *Public Service Co. of Oklahoma v. A Plus, Inc.*, No. 10-651, 2011 WL 691204, at *3 (W.D. Okla. Feb. 16, 2011).

[19] *Id.*

[20] *Id.* (citing *Fenstermacher v. Moreno*, No. 08-1447, 2010 WL 5071042, at *3 (E.D. Cal. Dec. 7, 2010)); *see also Falato v. Fotografixusa, L.L.C.*, No. 09-5232, 2013 WL 1846807, at *4 (D. Kan. Apr. 30, 2013).

challenge the subpoenaed matter. Wilson Parmar's assertion that he is a shareholder of David, Inc., without more, is not enough to find any of the movants have standing.

The movants have not claimed any applicable privilege or privacy interest in said information. Nor have they submitted any authority in which a court has found a shareholder interest in a corporation sufficient to trigger a privacy right supporting standing. Instead, the interest in the financial information being sought belongs to David Inc., not to the movants. Therefore, Wilson Parmar's conclusory assertion that he has standing as a shareholder of David, Inc. is insufficient. The court finds that movants do not have standing to quash the Bank of America subpoena.

### B. Wilson and Grace Parmar

Plaintiff served subpoenas upon Wilson and Grace Parmar on or about September 26, 2013. The subpoenas issued to Wilson Parmar and Grace Parmar each request eighteen different categories of documents relating to personal and financial information with no temporal limitation for any of the requests, except for Requests Nos. 9 and 18 which ask for documents since 2006. For example, Request No. 10 asks Wilson and Grace Parmar to produce all "credit card records, whether in your name or in the name of any entity in which you have had or had an ownership interest, including but not limited to such credit cards where you have signature authority but not issued in your name. Please construe this request in its *broadest* sense to include credit card statements documents evidencing proof of payment of credit card statements, invoices, etc."[21]

---

[21] *See* doc. 339-1 at 3.

The deadline to respond to these subpoenas was five days after service, October 1, 2013. As earlier indicated, under Fed. R. Civ. P. 45(c)(3)(A)(i), the court *must* quash or modify a subpoena if it fails to allow a reasonable time to comply. Here, the subpoenas offer a mere five days of notice to comply. Having reviewed the reasonableness of time as related to the circumstances of this case, the court finds that plaintiff has not allowed Wilson and Grace Parmar a reasonable time to comply.

Wilson and Grace Parmar also assert that the subpoenas are overly broad and unduly burdensome. Fed. R. Civ. P. 45(c)(3)(A)(iv) provides: "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it subjects a person to undue burden." Courts may find a request overly broad or unduly burdensome on its face, if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope.[22] Fed. R. Civ P. 34(b) provides that "request[s] shall set forth, either by individual item or by category, the items to be inspected, and describe with reasonable particularity."[23] Use of all-encompassing language violates Rule 34.[24] It also violates Fed. R. Civ. P. 45, governing subpoenas and the requests accompanying them, which states that requests "should identify specific documents or categories of items with reasonable precision."[25]

---

[22] *Audio Text Commc'ns Network, Inc. v. US Telecom, Inc.*, No. 94-2395, 1995 WL 625962, at *6 (D. Kan. Oct. 5, 1995).

[23] *Id.*

[24] *Id.*

[25] *Id.* (citation omitted).

Independent of the reasonable time requirement, the court finds that subjecting Wilson and Grace Parmar to the production of voluminous documents, where most of which have questionable relevance, works an undue burden upon them. The subpoenas are overly broad and unduly burdensome on their face. Such requests do not adequately specify which documents are responsive and are not reasonably precise.

Not only do the document requests appear to be overly broad, the court finds that the production of the records requested runs afoul of the privacy and confidentiality interests of these non-parties. Specifically, plaintiff asks for Wilson and Grace Parmars' income tax returns since 2006. "[T]ax returns are not generally discoverable, and there is public policy against exposure or production of them."[26] There is a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns.[27] "First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable."[28] "The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable."[29] The information

---

[26] *Id.* at *11 (citing *Winchester v. Lester's of Minn., Inc.*, No. 88-2586, 1990 WL 126827, at *1 (D. Kan. Aug. 1, 1990)).

[27] *Id.*

[28] *Id.* (citation omitted).

[29] *Id.*

requested by plaintiff is not relevant on its face. Moreover, none of the requested financial and personal information, including the requested tax returns, appears relevant to plaintiff's claims against defendants.

Wilson and Grace Parmar concede that Request Nos. 3, 4, and 8 ask for information that is possibly relevant to the issues in this case. Consequently, Wilson and Grace Parmar offer to produce documents responsive to these requests to the extent they have not already done so. In consideration of the foregoing, the subpoenas issued by plaintiff to Wilson and Grace Parmar are quashed in their entirety, except for Request Nos. 3, 4, and 8.

### C. The Peoples Bank

Plaintiff served a subpoena upon The Peoples Bank on September 26, 2013. The subpoena issued to The Peoples Bank requested five different categories of documents relating to personal and financial information with no temporal limitation for any of the requests. For example, Request Nos. 1-4 ask for "Any and all records in your custody, possession or control related to" Grace Parmar, Wilson Parmar, Peace, Inc., and the Holiday Inn Express & Suites in Pratt, Kansas. Request No. 5 asks for "All documents, including monthly bank statements, copies of the fronts and backs of all checks, cashiers checks, withdrawal and deposit slips, money transfers, etc. related to either Grace Parmar, Wilson Parmar, Peace Inc., or the Holiday Inn Express & Suites in Pratt, Kansas."

Similar to the subpoenas issued to Wilson and Grace Parmar, the time to comply with this subpoena is unreasonable, allowing a mere five days to respond. Additionally,

this subpoena is overly broad and seeks materials far beyond the scope of relevant information with regard to plaintiff's claims. The mere suspicion that relevant evidence might be located in one of the many financial documents requested does not justify the production of all financial materials related to non-parties Wilson and Grace Parmar, Peace Inc., and the Holiday Inn Express & Suites in Pratt, Kansas. Finally, the production of the records requested runs afoul of the privacy and confidentiality interests of these non-parties. Accordingly, the subpoena issued to The Peoples Bank is quashed in its entirety.

### D. Bank of America

The court previously found that the movants do not have standing to move to quash the Bank of America subpoena. Therefore, movants' request to quash the subpoena issued to Bank of America is denied.

### E. Protective Order

If movants are required to produce documents in response to the subpoenas, they have asked the court to enter a protective order. The court has only ordered Wilson and Grace Parmar to produce information responsive to Request Nos. 3, 4, and 8 in the subpoenas issued to them by plaintiff. Wilson and Grace Parmar suggest that they may have already produced documents responsive to these requests. To the extent that they have not already produced these documents, they have agreed to do so.

The party seeking a protective order has the burden to demonstrate good cause to support the protective order.[30] Whether to issue a protective order and the extent of the protection is a matter within the discretion of the trial court.[31] Wilson and Grace Parmar have failed to meet their burden to show good cause for a protective order with respect to the ordered production. In light of the foregoing, Wilson and Grace Parmars' request for a protective order is denied.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order. Plaintiff must file any objections within the 14-day period if he wants to have appellate review of this order. If plaintiff does not timely file his objections, no court will allow appellate review.

In consideration of the foregoing,

IT IS THEREFORE ORDERED:

1. Movants' motion to quash the subpoenas issued to Wilson Parmar, Grace Parmar, The People's Bank, and Bank of America **(doc. 336)** is granted in part and denied in part.

2. The People's Bank's motion to quash the subpoena issued to it by plaintiff **(doc. 337)** is granted.

---

[30] *Johnson v. Gmeinder*, 191 F.R.D. 638, 642 (D. Kan. 2000).

[31] *Ast v. BNSF Ry. Co.*, No. 09-2519, at *2 (D. Kan. Oct. 25, 2011) (citation omitted).

3. Wilson and Grace Parmar shall produce information responsive to Request Nos. 3, 4, and 8 by **November 15, 2013**.

4. Movants' request for a protective order is denied.

IT IS SO ORDERED.

Dated October 31, 2013 at Kansas City, Kansas.


<u>s/ James P. O'Hara</u>
James P. O'Hara
U.S. Magistrate Judge