IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAMAL K. PATEL,
and K&A MOTEL, INC.,

        Plaintiffs,

v.                                                 Case No. 10-2403-JTM

DAVID SNAPP, *et al.*,

        Defendants.

MEMORANDUM AND ORDER

The court has before it dueling motions for partial summary judgment brought by plaintiff Kamal K. Patel and defendants David Snapp and his former law firm Waite, Snapp & Doll. The motions each seek judgment on count seventeen of the Second Amended Complaint, Patel's breach of contract claim against Snapp. The court grants Snapp's motion for the following reasons and denies Patel's motion as moot.

**I. Uncontroverted Facts[1]**

K&A Motel, Inc. retained David Snapp of Waite, Snapp & Doll to represent K&A in a dispute arising from a contract it had signed with Mitesh Patel, who ostensibly represented Shiva Hotel, Inc. in entering the agreement. K&A entered into an attorney-client relationship with Snapp and his law firm. Snapp filed suit against Mitesh Patel and Shiva in Finney County, Kansas on behalf of K&A, seeking specific performance or compensatory damages. After negotiations with Mitesh Patel that included Wilson and Grace Parmar—to whom K&A had given power of attorney—Snapp agreed to a

---

[1] The court considers these facts uncontroverted for purposes of summary judgment only.

settlement on behalf of K&A. Snapp and his firm breached their duty to K&A in agreeing to this settlement.

K&A and Kamal Patel filed suit against Snapp and his firm, in addition to other defendants not relevant here. Other than Count 10, which alleges breach of contract, all of K&A's claims against Snapp and his firm allege negligence, breach of fiduciary duty, fraud, abuse of process, tortious interference with a contract, and/or tortious interference with a prospective and valid expectancy.

No formal contract or letter of engagement existed, and to the extent that an oral contract existed between Snapp and K&A, it merely provided that Snapp would represent K&A in a lawsuit against Mitesh Patel and Shiva for their breach of contract.

Kamal Patel's alleged breach of contract claim is included in the Second Amended Complaint at Count 17. *See* Dkt. 88, p. 22. Paragraph 122 of the Second Amended Complaint alleges Snapp's breach of both express and implied terms of the contract for legal services, by:

> (a) the express agreement that they would bring suit against Mitesh and Shiva and not voluntarily dismiss the case short of trial unless an agreement acceptable to K&A was reached;
> (b) the express agreement that they would act professionally, dutifully, and solely for the benefit of K & A in carrying out the representation;
> (c) the implied agreement to perform under the contract consistent with the duties of good faith and fair dealing;
> (d) The implied agreement to not breach their fiduciary duties in the course of performing under the contract.

*Id.* Kamal Patel received assignments of claims signed by the owners of K&A and brings his claims for breach of contract as an assignee of K&A, "to the extent that such claims are assignable." *Id.*

## II. Legal Standard: Summary Judgment

Under FED. R. CIV. P. 56(a), summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id*.

When ruling on a motion for summary judgment, the court draws all reasonable inferences from the factual record in favor of the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (internal citations omitted). "The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Id*. at 670–71 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The movant need not negate the nonmoving party's claim, but rather "[point] out to the court a lack of evidence for the nonmoving party on an essential element of the nonmoving party's claim." *Id*. at 671. To negate summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. Summary judgment is not a "disfavored procedural shortcut, but rather [] an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' " *Celotex*, 477 U.S. at 327 (quoting FED. R. CIV. P. 1).

3

**III. Analysis**

The court grants partial summary judgment to the defendants because, under Kansas law, K&A's contractual claims against its attorney and his firm are not assignable to Kamal Patel. "Public policy considerations preclude the assignment of legal malpractice claims because such claims are personal to the client." *Bank IV Wichita, Nat. Ass'n v. Arn, Mullins, Unruh, Kuhn & Wilson*, 250 Kan. 490, 827 P.2d 758, 765 (Kan. 1992). "The policy applies regardless of whether the claims sound in contract or tort." *Id.*

Kamal Patel's claim against Snapp and his law firm is based on K&A's purported assignment of its legal malpractice claims arising out of its contract with Snapp. Although Snapp had an attorney-client relationship with K&A, he had no relationship with Kamal Patel. This personal relationship between Snapp and his client, K&A, precludes assignment of K&A's legal malpractice claims to Kamal Patel, a non-client.

Kamal Patel argues that this court allows assignees to bring breach of contract claims against an attorney for legal services, but his argument is based on a misreading of the court's opinion. Patel quotes *Hjersted Family Limited Partnership v. Hallauer*, 2009 U.S. LEXIS 27884, at *9 (D. Kan. Mar. 31, 2009):

> "[G]enerally, the tort claims of legal malpractice and breach of fiduciary duty asserted here are personal and nonassignable. *Bank IV Wichita Nat'l Assoc.*, 827 P.2d at 764-65. This general rule also appears in the provisions of the Kansas Revised Uniform Limited Partnership Act, K.S.A. § 56-1a402, and in the terms of the HFLP-Kansas' Limited Partnership Agreement. As plaintiff, HFLP-Kansas has standing to raise these claims. Additionally, **while the remaining claims**--for breach of contract, conversion, and negligent supervision--**may be raised by an assignee or transferee**, HFLP-Kansas is a proper party to raise them.

4

Although this appears to support Patel's argument that he may bring a legal malpractice claim as an assignee, this illusion comes from a lack of context that causes ambiguity. In *Hallauer*, the initial plaintiff was a limited partnership that had been set up in Kansas and changed its state to Nevada. *Id.* at \*4–6. The plaintiff filed suit as a Nevada partnership, alleging legal malpractice against the defendant attorney and her firm, which had performed legal work for the Kansas partnership. *Id.* at 4–5. Later, perhaps recognizing that the Nevada partnership could not bring legal malpractice claims as an assignee, the plaintiff moved to substitute the Kansas partnership as the proper plaintiff, which the court allowed. *Id.* at 5–6. Without this background, one might read the quoted section of the court's opinion to state that an assignee "may" raise a legal breach of contract claim. However, given the proper context, it is clear that the court was stating that although an assignee had brought the claims, the proper party to bring the claims—HFLP-Kansas—had been substituted, so the assignee problem had been solved.

Even under the facts alleged by Kamal Patel, the defendants are entitled to judgment as a matter of law. Accordingly, the court grants summary judgment to the defendants on Kamal Patel's breach of contract claim, count seventeen in the Second Amended Complaint. For these same reasons, the court also denies Patel's Motion for Partial Summary Judgment (Dkt. 297).

Finally, Patel filed a motion that seeks to supplement his briefs. *See* Dkt. 402. The court grants the motion; however, the supplementary material Patel provides does nothing to controvert the material facts set forth by the court in this order.

IT IS THEREFORE ORDERED this 30th day of December, 2013, that Snapp's Motion for Partial Summary Judgment (Dkt. 316) is granted, and Patel's Motion for Partial Summary Judgment (Dkt. 297) is denied as moot. Patel's Motion to Supplement (Dkt. 402) is granted.

s/J. Thomas Marten  
J. THOMAS MARTEN, JUDGE